# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MATTHEW MCGUIRE,<br><br>    Petitioner,<br><br>vs.<br><br>JOHN FAYRAM,<br><br>    Respondent. | No. C10-0143-LRR<br><br>ORDER |

## I. INTRODUCTION

This matter is before the court on the petitioner's application for a writ of habeas corpus, motion to proceed in forma pauperis, motion for appointment of counsel and motion to stay action. The clerk's office file the petitioner's application for a writ of habeas corpus and his motions on November 16, 2010. The petitioner paid the required filing fee. *See* 28 U.S.C. § 1914(a) (requiring $5.00).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The petitioner submitted a motion that meets the requirements of 28 U.S.C. § 1915(a). Accordingly, in forma pauperis status shall be granted.

## III. DISCUSSION

### A. Initial Review Standard

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, the petitioner's application for a writ of habeas corpus shall be denied.

## B. Exhaustion

A petitioner, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum. 28 U.S.C. § 2254(b)(1).[1] A petitioner has exhausted his or her state remedies when he or she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991); *see also* 28 U.S.C. § 2254(c).[2] In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appellate argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct.

---

[1] Title 28, United States Code, section 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

[2] Title 28, United States Code, section 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

1728, 144 L. Ed. 2d 1 (1999) (concluding that the exhaustion doctrine requires a petitioner to seek discretionary review when that review is part of the ordinary appellate review procedure) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (reiterating that a petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim"); *Welch v. Lund*, 616 F.3d 756, 758-59 (8th Cir. 2010) (concluding that "an Iowa prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts").

The fair presentment component of the exhaustion requirement compels a petitioner to affirmatively:

> refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.

*Ashker*, 5 F.3d at 1179 (quotations and citations omitted); *accord Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas corpus application have been properly raised in the prisoner's state court proceedings. *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992) (full and fair presentment of claims to the state court requires "full factual development" of the claims in that forum); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.").

"The purpose of the fair presentation component of the exhaustion requirement is to give state courts the first opportunity to review federal constitutional issues and to correct federal errors made by the state's trial courts." *Laws v. Armontrout*, 834 F.2d

3

1401, 1412 (8th Cir. 1987); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (same). A "petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance." *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

The failure to exhaust a claim in state court sometimes implicates the independent and adequate state ground doctrine. *See Gray v. Netherland*, 518 U.S. 152, 161, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Coleman*, 501 U.S. at 732. Specifically, the Supreme Court explained:

> 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the [petitioner] has exhausted the remedies available in the courts of the State." Because "this requirement . . . refers only to remedies available at the time of the federal [application for a writ of habeas corpus]," *Engle v. Isaac*, 456 U.S. 107, 126, n.28, [102 S. Ct. 1558, 71 L. Ed. 2d 783] (1982), it is satisfied "if it is clear that [the petitioner's] claims are now procedurally barred under [state] law," *Castille v. Peoples*, 489 U.S. 346, 351, [109 S. Ct. 1056, 103 L. Ed. 2d 380] (1989). However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence[ and, thus,] prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default. *Teague v. Lane*, [489 U.S. 288, 298, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)]; *Isaac*, [456 U.S.] at 126, n.28, 129; *Wainwright v. Sykes*, 433 U.S. 72, 90-91, [97 S. Ct. 2497, 53 L. Ed. 2d 594] (1977).

*Gray*, 518 U.S. at 161-62. Apart from showing good cause for his or her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation, a petitioner may have a procedurally defaulted claim reviewed if he or she can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002);

4

*Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001); *Keithley*, 43 F.3d at 1218; *Maynard v. Lockhart*, 981 F.2d 981, 984 (8th Cir. 1992); *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989).

Here, the petitioner is attempting to challenge his conviction for second degree sexual abuse, in violation of Iowa Code section 709.3, and his convictions for indecent contact with a child, in violation of Iowa Code section 709.12. *See State v. McGuire*, 2004 Iowa App. LEXIS 1347 (Iowa Ct. App. 2004); *State v. McGuire*, No. FECR051452 (Woodbury County Dist. Ct. 2004); *see also McGuire v. State*, 2010 Iowa App. LEXIS 848 (Iowa Ct. App. 2010); *McGuire v. State*, No. PCCV131521 (Woodbury County Dist. Ct. 2009).[3] The petitioner, however, makes clear in his application for a writ of habeas corpus that he did not exhaust the claim that he raised on direct appeal or the claims that he appealed after the Iowa District Court for Woodbury County dismissed his application for post-conviction relief. Moreover, the record reveals that, on direct appeal, the petitioner never filed an application for further review. *See State v. McGuire*, No. 04-0187 (Iowa Ct. App. 2004). With respect to his application for post-conviction relief, the record establishes that the petitioner raised several claims, but he did not submit a timely application for further review after the Iowa Court of Appeals affirmed the Iowa District Court for Woodbury County on August 11, 2010. *See McGuire v. State*, No. 09-1506 (Iowa Ct. App. 2010); *McGuire v. State*, 2010 Iowa App. LEXIS 848 (Iowa Ct. App. 2010). Before denying the petitioner's December 1, 2010 motion for permission to file an application for further review, the Iowa Supreme Court stated that the application for further review deadline is jurisdictional and his appeal is final. *See McGuire v. State*, No. 09-1506 (Iowa Ct. App. 2010). As an explanation for why he did not further present his

---

[3] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

claims, the petitioner states that post-conviction relief counsel provided ineffective assistance. Given the petitioner's statements and the record, the court finds that the petitioner failed to adequately present his claims to the state courts as he is required to do if he seeks habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Carmichael v. White*, 163 F.3d 1044, 1045-46 (8th Cir. 1998).

In light of the court's conclusion that the petitioner failed to properly exhaust his remedies, it is necessary to consider whether Iowa law prevents the petitioner from raising his unexhausted claims in state court. *See Wemark v. Iowa*, 322 F.3d 1018, 1022 (8th Cir. 2003).

> Iowa law requires post-conviction applicants to raise all available grounds for relief in their original, supplemental, or amended applications. Iowa Code § 822.8 (1994). "Any ground . . . not raised . . . may not be the basis for a subsequent application" unless the court finds "sufficient reason" to justify omission. *Id*.

*Id*. In addition, a three-year statute of limitation applies to individuals who seek to file an application for post-conviction relief. *Id*. at 1022 n.3 (citing Iowa Code § 822.3 (1994)). The court concludes that Iowa law prevents the petitioner from asserting his unexhausted claims. *See, e.g., Wyldes v. Hundley*, 69 F.3d 247, 252-53 (8th Cir. 1995).

To the extent that the petitioner desires a review of his procedurally defaulted claims, the court concludes that the petitioner either did not demonstrate good cause for his failure to present his claims in state court and actual prejudice as a result of alleged constitutional violations or did not demonstrate that failure to review any of his claims would result in a fundamental miscarriage of justice. The failure to diligently assert his claims in his original application for post-conviction relief and pursue further relief falls solely on the petitioner. The petitioner is not entitled to call into question appointed counsel's decision to forego filing an application for further review. *See, e.g.,* 28 U.S.C. § 2254(i) (stating that the ineffectiveness or incompetence of counsel during collateral post-conviction proceedings does not provide a ground for relief). Because the petitioner's

claims are procedurally defaulted, the petitioner's application for a writ of habeas corpus shall be denied.

### IV. MOTION FOR APPOINTMENT OF COUNSEL

Having decided that it is appropriate to deny the petitioner's application for a writ of habeas corpus, the court finds that the assistance of counsel is not warranted. Accordingly, the petitioner's motion for appointment of counsel shall be denied.

### V. MOTION TO STAY ACTION

In his motion to stay action, the petitioner makes clear that he is still trying to obtain some relief in his post-conviction relief action and that he wants the court to refrain from ruling until he resolves certain issues. Given its prior determination with respect to whether the petitioner properly exhausted his claims, the court does not believe a stay is warranted. The Iowa Supreme Court concluded that the petitioner's post-conviction relief action was final, and it is highly unlikely that any of his unexhausted claims will be reviewed by the Iowa Supreme Court. Therefore, the petitioner's motion to stay action shall be denied.

**IT IS THEREFORE ORDERED:**

1. The petitioner's motion to proceed in forma pauperis (docket no. 2) is granted.
2. The petitioner's application for a writ of habeas corpus (docket no. 1) is denied.
3. The petitioner's motion for appointment of counsel (docket no. 3) is denied.
4. The petitioner's motion to stay action (docket no. 4) is denied.

**DATED** this 16th day of December, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA